R. F. ALLEN & SAML. ALLEN *v.* T. J. SPIDWELL.

Trial—Assault and Battery—Concluding Argument by Attorney—Burden of Proof.

    An answer to an action for assault admitted the same, but justified it upon the ground that it was done in defense of his son, who had been assaulted by plaintiff. Held, that as the defendant had the burden of proof, he was entitled to the concluding argument to the jury.

APPEAL FROM MCCRACKEN CIRCUIT COURT.

May 13, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

No objections were made, and no exceptions were taken to the instructions given to the jury, and while we might regard the verdict against appellant as high, we would not feel authorized on that account to reverse the judgment of the court below and award a new trial.

The only question to be considered, then, is whether the court below erred in refusing to permit the attorney of appellant, R. E. Allen, to conclude the argument to the jury.

Samuel Allen put in no defense to the action, and as to him the jury had nothing to do but to inquire of damages.

R. E. Allen in his answer admitted the assault and battery alleged against him, but justified upon the ground that he did

it in the defense of his son, who was assaulted by appellee, and was in danger of death, or great bodily harm.

By sub-section 6 of section 347, C. C., it is declared that the party having the burden of proof, shall have the conclusion of the argument to the jury.

Upon the pleadings the plaintiff below was entitled to a judgment without the introduction of any evidence, and might introduce it to show the extent of the injury received by him to increase the damages, but the burden of proof was evidently on the appellant and that entitled him to the conclusion of the argument before the jury.

And for the error of the court below in refusing him upon his motion to conclude the argument to the jury the judgment must be *reversed,* and the cause remanded for a new trial and for further proceedings consistent herewith.

*L. D. Husbands, for appellants.*
*Bigger & Moss, for appellee.*